IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA FAYE IVIE, as personal representative of the Estate of Jeffrey Todd Ivie, deceased,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JAMES JACKSON, et al.,  )<br>)<br>Defendants.  )  | CASE NO. 1:20-CV-437-KFP |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Linda Faye Ivie, as personal representative of the Estate of Jeffrey Todd Ivie ("Ivie"), brings this suit against ten defendants[1] arising from Ivie's death in June 2019. Doc. 37. Before the Court is a motion to dismiss and supporting memorandum filed by Defendants Officer James Sanders and The City of Enterprise, Alabama. Docs. 40, 41. Plaintiff filed a response in opposition to the motion (Doc. 56), and Defendants filed a reply (Doc. 57). Upon review of the parties' submissions and the relevant law, Defendants' motion is GRANTED for the reasons set forth below.

**I.   BACKGROUND**

Plaintiff initiated this lawsuit by filing her initial Complaint in June 2020. *See* Doc. 1. In July 2020, all the named Defendants moved to dismiss the Complaint on a variety of

---

[1] Specifically, Plaintiff sues Coffee County, the City of Enterprise, and eight individuals allegedly involved in Plaintiff's arrest and subsequent death: James Jackson, Chris Kline, Josh Milliner, Kyle Ethridge, Shane Bryan, Aaron McCullough, Byron Caylor, and James Sanders.

grounds. *See* Docs. 17, 21, and 23. After briefing on Defendants' motions, the Court granted the motions in part and denied the motions in part. *See* Doc. 36. Specifically, as to Plaintiff's negligence and wantonness tort claims, the Court determined that they did not survive Ivie's death and must be dismissed as a matter of law. *Id.* at 4. As to Plaintiff's wrongful death and deliberate indifference claims, the Court found that the Complaint constituted an impermissible shotgun pleading and therefore failed on pleading grounds. *Id.* at 4-13. The Court then directed Plaintiff to file an Amended Complaint as to the latter claims, curing the pleading deficiencies identified in its Order.[2] *Id.* at 13.

On April 7, 2021, Plaintiff filed her Amended Complaint, which is the operative pleading in this case. Doc. 37. A complete recitation of the factual allegations in the Amended Complaint can be found in the Court's September 3, 2021 Order addressing another motion to dismiss in this case. Doc. 59. Based on those allegations, Plaintiff brings the following claims relevant to this Order: deliberate indifference to serious medical needs against Officer Sanders (Count II); "wrongful death – assault and battery" against Officer Sanders and, "by respondeat superior, the City of Enterprise" (Count III); and "wrongful death – negligence/wantoness [sic]" against all ten Defendants (Count IV). *Id.* at 6-11. As relief, Plaintiff seeks compensatory and punitive damages, prejudgment and post-judgment interest, the costs of this action and attorney's fees, and "such other and further relief to which she is justly entitled." *Id.* at 11.

---

[2] "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

## II.   DISCUSSION

Defendants move to dismiss the Amended Complaint as it pertains to them because (1) Officer Sanders is entitled to qualified immunity and state-agent immunity; and (2) the City is entitled to municipal immunity and state-agent immunity. Docs. 40, 41. Upon careful consideration of Defendants' arguments and Plaintiff's responses, which are discussed further below, the Court agrees that all claims against these Defendants are due to be dismissed.

### A. Officer Sanders is entitled to qualified immunity as to the deliberate indifference claim.

"Government officials sued for acts committed in the course of their official duties may invoke the defense of qualified immunity." *O'Rourke v. Hayes*, 378 F.3d 1201, 1205 (11th Cir. 2004). "The qualified immunity inquiry involves three steps: (1) the alleged conduct must fall within the scope of the discretionary authority of the actor; (2) if it does, [the Court] must then determine whether that conduct violates a constitutional right; (3) if so, [the Court] must inquire whether the asserted right was clearly established at the time of the alleged violation." *Tinker v. Beasley*, 429 F.3d 1324, 1326 (11th Cir. 2005). If the official's discretionary actions did not violate a clearly established constitutional right, he is entitled to qualified immunity. *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009). "It is fairly well-settled that police officers are 'government officials' and that they are entitled to utilize the defense of qualified immunity." *Brown v. City of*

3

*Clewiston*, 644 F. Supp. 1417, 1419 (S.D. Fla. 1986) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

First, the Amended Complaint makes clear that Officer Sanders was performing a discretionary function within his discretionary authority. According to Plaintiff, "[a]t all times . . . Officer Sanders was acting within the line and scope of his capacity as an employee of the City of Enterprise." Doc. 37 at 1. Plaintiff states, "Officer Sanders is sued for his individual acts and omissions committed and omitted while he acted as a City of Enterprise employee." *Id.* at 1-2. During the events alleged in the Amended Complaint, Officer Sanders was arresting Ivie in his capacity as a City of Enterprise police officer. Accordingly, Officer Sanders was acting within his discretionary authority. *See McDowell v. Gonzalez*, 820 F. App'x 989, 991 (11th Cir. 2020) ("A police officer generally acts within the scope of his discretionary authority when making an arrest."); *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) ("[I]t is clear that Officer Stanfield was acting within the course and scope of his discretionary authority when he arrested Vinyard and transported her to jail.").

Second, the allegations in the Amended Complaint fail to demonstrate that Officer Sanders' conduct violated a constitutional right. The only allegations concerning Officer Sanders are as follows:

> During [his interview with Plaintiff], the Responding Officer received information over his radio and informed Plaintiff that her son had been stopped for erratic driving and was detained at the Inland gas station on Boll Weevil Circle, not [far] from her home. The Responding Officer told

4

> Arresting Officer Sanders that Plaintiff requested her son receive medical care . . . .
>
> At the time [Ivie] was arrested, he clearly needed immediate medical attention. But instead of being taken to one of two nearby hospitals, he was transported to the Coffee County Jail. Arresting Officer Sanders did not obtain proper mental/physical health treatment for [Ivie] as required by the policies and procedures of the City of Enterprise Police Department or as requested by Plaintiff.

Based on the above allegations, Plaintiff purports to state a claim of deliberate indifference to a serious medical need in violation of the Fourteenth Amendment.[3] However, she fails to do so.

To state a deliberate indifference claim, a plaintiff must show "(1) a serious medical need; (2) a defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). Even assuming, without deciding, that Ivie suffered from a serious medical need, the Amended Complaint fails to demonstrate Officer Sanders' deliberate indifference to that need. To establish deliberate indifference, a plaintiff must demonstrate that "(1) the officer was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, (2) the officer actually drew that inference, (3) the officer disregarded the risk of serious harm, and (4) the officer's conduct amounted to more than gross negligence." *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015).

---

[3] "The Fourteenth Amendment governs claims of medical indifference to the needs of pretrial detainees while the Eighth Amendment applies to claims of convicted prisoners." *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010). "However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

The Amended Complaint fails to make any of these showings as to Officer Sanders. Plaintiff alleges only that "[t]he Responding Officer told Arresting Officer Sanders that Plaintiff requested her son receive medical care" and that "[a]t the time [Ivie] was arrested, he clearly needed immediate medical attention." Doc. 37 at 3. Neither of these allegations demonstrate that Officer Sanders was aware of facts that a substantial risk of serious harm existed to Ivie or that he actually drew that inference. Indeed, the mere fact that Officer Sanders was told that "Plaintiff requested her son receive medical attention," without providing any basis for that request whatsoever, does not establish a substantial risk of serious harm. Nor does it establish that Officer Sanders actually drew that inference or that, even if he did, his conduct amounted to more than gross negligence. Plaintiff's sole other allegation, that Plaintiff "clearly needed immediate medical attention," is also insufficient to establish deliberate indifference, as it is conclusory with no supporting factual detail whatsoever. *See Hogan v. Wellstar Health Network, Inc.*, No. 1:12-CV-1418, 2013 WL 1136980, at *6 (N.D. Ga. Mar. 14, 2013) ("Plaintiffs' conclusory statement that '[a serious medical need] was obvious' is insufficient to show the Sheriff's subjective knowledge of a serious medical need or his disregard of that need."). Therefore, even accepting the scant, non-conclusory allegations regarding Officer Sanders as true, as is required at this stage, the Court cannot find support for deliberate indifference.

Because the Amended Complaint fails to establish that Officer Sanders violated Ivie's Fourteenth Amendment right against deliberate indifference to a serious medical need, the Court need not consider whether the right was clearly established, *see Knowles v. Hart*, 825 F. App'x 646, 649 (11th Cir. 2020), and Officer Sanders is entitled to qualified

immunity on the deliberate indifference claim. *See Lewis*, 561 F.3d at 1291. Accordingly, that claim is due to be DISMISSED as to Officer Sanders.

### B. Plaintiff has failed to state a wrongful death claim for assault and battery as to Officer Sanders and the City.

Plaintiff purports to state a wrongful death claim for assault and battery against Officer Sanders and, by respondeat superior, the City of Enterprise. However, she fails to allege any facts in support of this claim. First, Count III makes no allegations as to Officer Sanders whatsoever. It alleges simply that the Defendant Coffee County Officers, not Officer Sanders, "committed assault and battery upon Jeff Ivie." Doc. 37 at 9. This aligns with the Amended Complaint's Statement of Facts, which includes no allegations that Officer Sanders committed assault and battery. Indeed, the Statement of Facts indicates that the alleged assault and battery occurred only after Ivie arrived at the Coffee County Jail and "passed into the care, custody, and control of Coffee County Officers Jackson, Milliner, McCullough, Caylor, Ethridge, Bryan, and Kline." *Id.* at 3. Thus, there are no allegations whatsoever to support a wrongful death claim for assault and battery against Officer Sanders.

Accordingly, there are also no allegations to support such a claim against the City under a respondeat superior theory. Plaintiff does not allege that any of the individuals involved in the alleged assault and battery were employees of the City; to the contrary, the Amended Complaint states that those individuals are employed by Coffee County and that only Officer Sanders is employed by the City. *Id.* at 1-2. Thus, because the Amended Complaint fails to state a wrongful death for assault and battery claim against Officer

Sanders—the sole City employee—the City, as his employer, cannot be held liable under respondeat superior. *See Hesed-El v. Aldridge Pite, LLP*, No. CV 119-162, 2020 WL 3163645, at *9 (S.D. Ga. June 12, 2020) ("Under the doctrine of respondeat superior, an employer's liability is purely derivative of its employee's liability; thus, where the claim against the employee fails, so must the claim against the employer.") (internal quotation marks and citations omitted).[4]

Accordingly, Count III is due to be DISMISSED as to Officer Sanders and the City.

### C. Officer Sanders and the City are entitled to peace officer, or state-agent, immunity as to the wrongful death claim for negligence and wantonness.

Count IV of the Amended Complaint states:

> As to Defendant Sanders and the City of Enterprise, at the time Jeff Ivie was arrested . . . he breached [his] duty [to obtain reasonably adequate healthcare services for Ivie] by negligently and/or wantonly failing to order and/or request a medical/psychiatric consultation or evaluation for Jeff Ivie, by negligently and/or wantonly failing to recognize and treat Jeff Ivie's psychosis and/or physical peril during his arrest . . .; by negligently and/or wantonly failing to transport or arrange for the transport of Jeff Ivie to any hospital or medical facility, by negligently and/or wantonly failing to heed the pleas of Jeff Ivie's mother to have him medically evaluated, by negligently and/or wantonly failing to appreciate and act upon Jeff Ivie's psychiatric and physical condition, by negligently and/or wantonly failing to comply with the policies and procedures of the City of Enterprise Police Department and the laws of the State of Alabama in the care and treatment of Jeff Ivie; and/or by negligently and/or wantonly failing to timely act to obtain treatment for Jeff Ivie.

Doc. 37 at 10. Alabama Code § 6-5-338(a) provides, in pertinent part, that "[e]very peace officer . . . shall have immunity from tort liability arising out of his or her conduct in

---

[4] The Court notes that Plaintiff wholly failed to address this issue in her response to the motion to dismiss. *See generally* Doc. 56. Thus, it appears that Plaintiff waives any argument at to this issue.

performance of any discretionary function within the line and scope of his or her law enforcement duties." Ala. Code § 6-5-338(a). The Alabama Supreme Court has explained that "[t]he restatement of State-agent immunity as set out by this Court in *Ex parte Cranman* . . . governs the determination of whether a peace officer is entitled to immunity under § 6–5–338(a)." *Ex Parte City of Homewood*, 231 So.3d 1082, 1086 (Ala. 2017) (internal quotations and citations omitted). In *Cranman*, the Alabama Supreme Court stated:

> A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . . exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons . . . .
>
> Notwithstanding anything to the contrary in the foregoing statement . . . a State agent *shall not* be immune from civil liability in his or her personal capacity (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000), *holding modified by Hollis v. City of Brighton*, 950 So. 2d 300 (Ala. 2006).[5]

Peace officer immunity analysis is a burden shifting process. *Stryker v. City of Homewood*, No. 2:16-CV-0832, 2017 WL 3191097, at *16 (N.D. Ala. July 27, 2017). A

---

[5] In *Hollis v. City of Brighton*, 950 So. 2d 300, 309 (Ala. 2006), the Alabama Supreme Court amended the language that extended immunity to those "exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons," to add "or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6–5–338(a), Ala. Code 1975."

peace officer asserting immunity initially bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the peace officer to immunity. *Ex Parte City of Homewood*, 231 So.3d at 1087. To carry that burden, peace officers "must establish (1) that they were peace officers (2) performing law-enforcement duties at the time of the accident and (3) exercising judgment and discretion." *Id.* "If they can do so, the burden then shifts to [the plaintiff] to show that one of the *Cranman* exceptions applies." *Id.*

Defendants have made all three of the necessary showings. First, they have established that, based on the allegations in the Amended Complaint, Officer Sanders, as a city police officer, is or was a peace officer at the time of the alleged events. *See Stryker*, 2017 WL 3191097, at *17 (holding that city police officers, sued in their individual capacities for claims arising out of their arrest of plaintiff, were peace officers for purposes of § 6-5-338(a)). Second, they have established that, based on the allegations in the Amended Complaint, he was performing law-enforcement duties at the time of the alleged events. *See id.*; *see also Williams v. City of Dothan, Ala.*, No. 1:14-CV-287, 2015 WL 4635264, at *3 (M.D. Ala. Aug. 3, 2015) (noting that officers "were acting within the scope of their law enforcement duties in making an arrest"). Finally, they have established that, based on the allegations in the Amended Complaint, he was exercising judgment and discretion at the time of the alleged events. *See Swan v. City of Hueytown*, 920 So. 2d 1075, 1079 (Ala. 2005) ("[A]rrests and attempted arrests are generally classified as actions requiring an officer to exercise judgment."); *see also Walker v. City of Huntsville*, 62 So.3d 474, 498 (Ala. 2010) (holding that police officers sued for "failure to obtain medical

treatment" for arrestee were "exercising judgment with respect to [the plaintiff's] arrest and performing a discretionary function in the line and scope of their law-enforcement duties within the meaning of § 6-5-338.").

The burden thus shifts to Plaintiff to identify factual allegations that plausibly demonstrate an exception to this immunity. *Ex Parte City of Homewood*, 231 So.3d at 1087. Plaintiff has failed to do so. As noted above, Plaintiff bases her Count IV wrongful death claim on allegations that Officer Sanders "negligently and/or wantonly" failed to seek medical treatment for Ivie. Doc. 37 at 10. However, as a matter of law, Count IV's allegations of negligence and wantonness cannot defeat state-agent immunity under *Cranman*. "This immunity protects a State agent from liability for negligence or wantonness while performing discretionary functions." *L.S.B. v. Howard*, 659 So. 2d 43, 44 (Ala. 1995). The Alabama Supreme Court has made clear that "[a] finding of immunity . . . precludes a claim based in negligence." *Hollis*, 950 So. 2d at 305. Similarly, allegations of wantonness cannot overcome state-agent immunity. *See Ex parte Randall*, 971 So. 2d 652, 664 (Ala. 2007) ("This Court has previously held that poor judgment or wanton misconduct, an aggravated form of negligence, does not rise to the level of willfulness and maliciousness necessary to put the State agent beyond the immunity recognized in *Cranman*."); *Norris v. City of Montgomery*, 821 So. 2d 149, 156 (Ala. 2001) ("§ 6-5-338(a), which immunizes peace officers from tort liability for conduct involving the exercise of discretion, makes no exception for wantonness.").

Thus, it is clear that state-agent immunity under *Cranman* "is not abrogated for negligent and wanton behavior; instead, immunity is withheld only upon a showing that

the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." *Giambrone v. Douglas*, 874 So. 2d 1046, 1057 (Ala. 2003). The Amended Complaint does not plausibly allege that Officer Sanders acted willfully, maliciously, fraudulently, or in bad faith when he allegedly failed to obtain medical treatment for Ivie.[6] As addressed above, Plaintiff's allegations against Officer Sanders are scant and conclusory; just as they failed to support a claim of deliberate indifference against Officer Sanders, they also fail to overcome § 6-5-338(a) and *Cranman* immunity. Accordingly, Officer Sanders is entitled to immunity as to the wrongful death claim for negligence and wantonness.

Moreover, because Officer Sanders is entitled to state-agent immunity against Count IV's wrongful death claim, the City is also immune. *See Howard v. City of Atmore*, 887 So. 2d 201, 211 (Ala. 2003) ("It is well established that, if a municipal peace officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune."). "In cases such as this where the 'municipal employee' is a law enforcement officer, Alabama's statutory, discretionary-function immunity explicitly extends an officer's immunity to the employing municipality." *Brown v. City of Huntsville*,

---

[6] The closest Plaintiff comes to alleging Officer Sanders acted beyond his authority is when she states vaguely that "Officer Sanders did not obtain proper mental/physical health treatment for [Ivie] as required by the policies and procedures of the City of Enterprise Police Department." Doc. 37 at 3. This allegation is insufficient to overcome immunity under § 6-5-338(a). *See Fowler v. Meeks*, 569 F. App'x 705, 709 (11th Cir. 2014) ("In the absence of a specific rule, regulation, or guideline set out to limit the City and the individual officers' broad discretion in exercising his or her judgment, we cannot conclude that allegations fall within the exception to immunity under § 6-5-338.[] Thus, even if we accept everything in the complaint as true, Fowler's single reference to rules and regulations is insufficient to defeat the City's immunity claim under § 6-5-338."); *see also McCants v. City of Mobile*, 752 F. App'x 744, 748 (11th Cir. 2018) (affirming dismissal of complaint because the plaintiffs "do not allege any specific ordinance, rule, or regulation that the City violated").

608 F.3d 724, 742 (11th Cir. 2010) (citing Ala. Code § 6-5-338(b)). Accordingly, Count IV is due to be DISMISSED as to Officer Sanders and the City.

## III.  CONCLUSION

Accordingly, for the reasons set forth above, it is ORDERED that:

1. Defendants' Motion to Dismiss (Doc. 40) is GRANTED.

2. The clerk is DIRECTED to terminate James Sanders and the City of Enterprise as defendants in this action.

Done this 7th day of September, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE